Howry, J.,
delivered the opinion of the court.
Under an act entitled “An act to provide for the adjudication and payment of claims arising from the depredations of Indians,” approved March 3,1891 (26 Stat. L., 851), plaintiff instituted his action against these defendants and another in this court for the recovery of the value of certain property set forth in the petition alleged to have been unlawfully taken or destroyed by a tribe of Indians. The action was begun November 16, 1891. The case having been brought to *458 trial and considered, judgment was rendered December 5, 1898, for all the defendants.
Subsequently, January 7, 1902, a bill growing out of the same subject-matter was introduced in behalf of plaintiff in the Senate of the United States. On its face the bill carried an appropriation, out of any moneys in the Treasury not otherwise appropriated, for the relief of claimant and payable to him “ in full satisfaction of his claim against the United States for damages on account of the property taken and destroyed by the Sioux Indians in May, 1879, no part of which has ever been paid to him.” This bill, together with the papers accompanying the resolution, was referred to this court in pursuance of the provisions of an act entitled “An act to provide for the bringing of suits against the Government of the United States,” approved March 3,1887 (24 Stat. L., 505). The court-was directed to proceed with the bill covered by the resolution in accordance with the provisions of the act under which it was referred and to report to the Senate in accordance therewith.
Section 14 of the act under which the claim was referred provides for the reference by either House of Congress of any bill providing for the payment of a claim against the United States, legal or equitable, or for a grant, gift, or bounty not a pension. The bill referred does not purport on its face to be a donation, but expressly provides for an appropriation in full satisfaction of plaintiff’s “ claim ” against the United States for damages on account of property taken and destroyed by the Sioux.
If plaintiff ever had a legal or equitable claim against the United States growing out of the taking or destruction of his property by the Sioux its foundation • was the early promise of the Government to eventually indemnify those sustaining loss or damage at the hands of depredating bands or tribes of Indians. While it is true that the Government promise of eventual indemnification was repealed by the act of February 28, 1859 (11 Stat. L., 401), liability was again assumed conditionally by the United States under the act of March 3, 1891, supra. But this last assumption of liability came some years after the alleged injuries were inflicted upon *459 plaintiff and at a time when no promise existed on the part of the Government to see that he was paid.
Under section 5 of the jurisdictional act the court could not render judgment against the United States alone except cases where the tribe of the depredators can not be identified. More than once it has been held by this court (Love v. United States et al., 29 C. Cls. R., 332; Leighton v. United States, 29 ib., 288) and affirmed on appeal to the Supreme Court (161 U. S., 291) that the only liability assumed by the United States, where the tribe can be identified, is that of a guarantor of the judgment recovered against the tribe.
It clearly appears from the averments of plaintiff’s original petition and from the bill now referred to the court that if any property at all was taken or destroyed the Sioux tribe of Indians were the guilty parties. The resolution referring the claim provides for an appropriation in section 1 for damages to property taken or destroyed by the Sioux Indians in 1819, which corresponds to the allegations of the plaintiff’s petition under which the court has already taken jurisdiction. .
Section 2 of the resolution of reference directs the committee to which the bill was originally referred to secure from the court such documentary evidence as was here submitted in support of the original claim. It follows from the foregoing statement that the primary liability for whatever loss or damage was sustained by the plaintiff existed against the Sioux, for which their annuities are chargeable, while the liability of the United States is collateral in character and wholly dependent upon the liability of others.
The terms of the act of 1881, known as the Tucker Act, do not extend to the reference of claims as such by either House of Congress against Indian tribes or against the United States where.the liability of the Government is dependent upon the acts of depredating Indians. Nor was it contemplated by that act that claims for such depredations should be referred to this court for findings of fact. Claims of .this kind are provided for as claims by the jurisdictional act of March 3, 1891, and cases arising under that act can be disposed of only by following the directions of the statute *460 investing this court with jurisdiction to hear and determine the same. Accordingly, we must hold that the court is now without jurisdiction to investigate and report the facts under the resolution which has placed the matter before us.
In its present form the reference is to enable Congress to appropriate for a legal demand of which the court has taken jurisdiction under another act specially designed to cover all cases within its terms. If the resolution covered the reference of a bill providing in terms for a gift or grant (except a pension) the jurisdiction to report the facts would attach, but otherwise not under the conditions set forth.
A coj>y of this opinion will be certified to Congress in lieu of any report upon the facts concerning the loss or damage sustained by plaintiff.